# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Jeffrey Reece, | : | |
| Plaintiff, | : | Case No. 3:08-CV-2451 |
| vs. | : | Judge Jack Zouhary |
| Jeremy Bice, et al., | : | |
| Defendants. | : | |

## MOTION OF DEFENDANT CITY OF MARION FOR SUMMARY JUDGMENT

Pursuant to FRCP 56(b), Defendant City of Marion respectfully moves the Court for an Order granting summary judgment in its favor. There are no genuine disputes of material fact and Defendant is entitled to judgment as a matter of law. This motion is supported by the allegations of Plaintiff's Complaint, the deposition of Plaintiff Jeffrey Reece (filed separately), the affidavit of Defendant Jeremy Bice (filed as an attachment to Defendant Bice's motion for summary judgment), the affidavit of Marion Policy Chief Tom Bell, and the following memorandum of law.

Respectfully submitted,

/s/ W. Charles Curley
W. Charles Curley (0007447)
**WESTON HURD LLP**
88 E. Broad St., Suite 1750
Columbus, Ohio 43215-3506
Phone: (614) 280-0200
Fax: (614) 280-0204
E-mail: wcurley@westonhurd.com

/s/ Mark D. Russell
Mark D. Russell (0046708)
**CITY OF MARION LAW DIRECTOR**
233 W. Center St.
Marion, Ohio 43301
Phone: (740) 387-3777
Fax: (740) 382-4291
E-mail: law@marionohio.org

Attorneys for Defendant City of Marion, Ohio

## MEMORANDUM IN SUPPORT

### I. NATURE OF THE CASE

See discussion of the nature of the case found at pg. 1 of the motion for summary judgment filed on behalf of Defendant Jeremy Bice. The only claim made against Defendant City of Marion appears in ¶¶18-19 of Plaintiff's Amended Complaint [Document #18], which asserts that the City is liable for the acts of Bice that Plaintiff claims were unconstitutional. As he does against Officer Bice, Plaintiff seeks compensatory damages, punitive damages and an award of attorney fees.

### II. STATEMENT OF FACTS

Defendant City of Marion incorporates by reference the discussion of facts found at pgs. 1-4 of the motion for summary judgment filed on behalf of Defendant Jeremy Bice. Other facts relevant to the City's defenses will be discussed *infra*.

### III. THE CITY OF MARION IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S §1983 CLAIMS

**A. Defendant City of Marion is not liable under §1983 because there was no underlying constitutional violation by Officer Jeremy Bice.**

A municipality cannot be held liable under §1983 absent an underlying constitutional violation by its agents or officers. *City of Los Angeles v. Heller,* 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

The City incorporates by reference the legal and factual arguments on the issues of §1983 and qualified immunity made by Defendant Jeremy Bice in the case. Because there was no violation of Plaintiff's constitutional rights by Officer Bice and/or because Officer Bice is entitled to qualified immunity, Defendant City of Marion is not liable to Plaintiff

under §1983 in this case.

### B. The City of Marion is not otherwise liable under §1983.

The doctrine of respondeat superior is inapplicable to §1983 actions. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, even if Plaintiff establishes a violation of his constitutional rights by an individual police officer, a municipality can be held liable under §1983 for that conduct only when Plaintiff's damages are the result of the execution of the municipality's policy or custom. *Id.* at 694. The official policy or custom "must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

A plaintiff may attempt to prove a municipality's illegal policy or custom by showing any of the following: 1) the municipality's legislative enactments or official agency policies; 2) actions taken by officials with final decision-making authority; 3) a policy of inadequate training or supervision; or 4) a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir.2005), citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986); *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997); *Doe v. Claiborne County,* 103 F.3d 495, 507 (6th Cir.1996).

<u>Legislative enactment and official municipal policy</u>

Plaintiff has not suggested that the City of Marion's legislative body has enacted legislation mandating or encouraging police officers to charge suspects in the absence of probable cause.

The Marion Police Department has a Policy and Procedure Manual. Nothing in that manual permits or encourage Marion police officers to institute criminal charges against suspects in the absence of probable cause. See Affidavit of Tom Bell ¶4.

### Actions taken by officials with final decision-making authority

With input from his supervisor, Officer Bice made the decision to file the criminal charge against Mr. Reece. There is no evidence in this case suggesting that anyone with final decision-making authority for the City of Marion had any involvement in the filing of that charge.

### Inadequate training

Plaintiff has developed no evidence suggesting that the training MPD officers received was improper or inadequate. As a matter of fact, Chief Tom Bell affirmatively states in his affidavit that MPD officers receive training with respect to the filing of criminal charges against suspects and are instructed that they must have probable cause before criminal charges may be filed against a suspect.

### Custom of tolerance or acquiescence of federal rights violations

To establish municipality liability under the "deliberate indifference" standard, the Sixth Circuit requires Plaintiff to show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse of constitutional rights and was clearly on notice that the training in this area was deficient and likely to cause injury. *Stemler v. City of Florence,* 126 F.3d 856 (6th Cir.1997); *Berry v. City of Detroit,* 25 F.3d 1342 (6th Cir.1994). "Deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Stemler,* 126 F.3d at 865; *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005).

Like virtually all police departments, MPD receives occasional complaints from citizens about police officers. When such complaints are made, they are thoroughly investigated and, if warranted, police officers who have violated departmental policy are disciplined. See Affidavit of Tom Bell ¶6. During Chief Bell's tenure as Chief of Police for the City of Marion, there have been no other lawsuits filed against the City of Marion or an MPD officer alleging that a police officer violated someone's civil rights by instituting criminal charges in the absence of probable cause.. Bell Affidavit ¶8. Finally, Chief Bell states in his affidavit that there has never been a custom or practice of tolerating violations of the rights of citizens by MPD police officers. Bell Affidavit ¶9.

Plaintiff has failed to present any evidence of deliberate indifference, inaction or a custom or policy that was the "moving force" behind any constitutional violations committed by Officer Bice. As such, the City of Marion is entitled to summary judgment on Plaintiff's claim of liability under 42 U.S.C. §1983.

### IV.   THE CITY OF MARION IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

While punitive damages may be awarded against an <u>individual</u> defendant under certain circumstances, punitive damages may <u>not</u> be awarded against a municipality under 42 U.S.C. §1983 [*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L. Ed. 2d 616, 101 S. Ct. 2748 (1981)] or Ohio law [R.C. 2744.05(A); *Spires v. Lancaster* (1986), 28 Ohio St.3d 76; *Ranells v. Cleveland* (1975), 41 Ohio St.2d 1]. For those reasons, the City is entitled to summary judgment on Plaintiff's prayer for punitive damages.

Respectfully submitted,

| | |
|---|---|
| /s/ W. Charles Curley | /s/ Mark D. Russell |
| W. Charles Curley (0007447) | Mark D. Russell (0046708) |
| **WESTON HURD LLP** | **CITY OF MARION LAW DIRECTOR** |
| 88 E. Broad St., Suite 1750 | 233 W. Center St. |
| Columbus, Ohio 43215-3506 | Marion, Ohio 43301 |
| Phone: (614) 280-0200 | Phone: (740) 387-3777 |
| Fax: (614) 280-0204 | Fax: (740) 382-4291 |
| E-mail: wcurley@westonhurd.com | E-mail: law@marionohio.org |

Attorneys for Defendant City of Marion, Ohio

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed electronically this 20th day of July, 2009. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ W. Charles Curley
W. Charles Curley (0007447)